UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KENNETH BROOKS,
    Plaintiff,

V.

THE UNITED STATES OF AMERICA, and
MARY JANE ESTRADA, N.P.
    Defendants.

RECEIPT # 66240
AMOUNT $ 250.00
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. CMG
DATE 8-12-05

**05 - 11674 GAO**

**COMPLAINT**

MAGISTRATE JUDGE Bowler

## COUNT I

1.   The plaintiff, Kenneth Brooks, brings this action as a resident of South Boston, Suffolk County, Massachusetts.

2.   The defendant, United States of America, is a public employer within the meaning of 28 U.S.C. §1346(b) and 2671 et seq. and at all times herein relevant operated the Geiger Gibson Community Health Center.

3.   This action is brought to recover for the permanent injury and pain and suffering of Kenneth Brooks pursuant to 28 U.S.C. §§1346 and 2671 et seq.

4.   Jurisdiction is based on 28 U.S.C. §1346(b), the Federal Tort Claims Act.

5.   All statutory conditions precedent to filing suit have been met.

6.   At all times relevant to this complaint, the defendant, United States of America, by its agents, servants or employees, represented and held itself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff that it was knowledgeable, competent and qualified to diagnose and treat the plaintiff on or about 11/7/03.

7.   On or about 11/7/03, the plaintiff submitted himself to the care and treatment of the defendant, United States of America, by its agents, servants or employees, who negligently and carelessly and without regard for the plaintiff's health and well-being, treated the plaintiff in a manner which resulted in severe personal injuries to the plaintiff, Kenneth Brooks.

8.   The injuries sustained by the plaintiff, Kenneth Brooks, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, United States of America, by its agents, servants or employees, including but not limited to the following:

a. its misrepresentations to the plaintiff that it was knowledgeable, skillful and competent to diagnose and treat the plaintiff on or about 11/7/03;

b. its failure to adequately and properly diagnose the medical condition of the plaintiff on or about 11/7/03, and its failure to properly treat said condition;

c. its failure to recognize, or to have the knowledge to recognize its inability and lack of skill to treat the plaintiff, when it knew or should have known of the foreseeable consequences of her inability and failure to properly and skillfully provide the plaintiff with acceptable medical care and treatment;

d. its failure to possess and exercise that degree of skill, training and care as is possessed and exercised by the average qualified members of the medical profession practicing her specialty.

e. its failure to inform and to warn of the risks involved in or associated with the plaintiff's condition and that of his mother and failure to inform and to warn about the treatment of said condition.

9. As a direct and proximate result of the negligence, carelessness and unskillfulness of the defendant, United States of America, by its agents, servants or employees, the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has suffered and will continue to suffer great pain of body and anguish of mind; has been hospitalized and will continue to be hospitalized and disabled for a long period of time; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, United States of America, by its agents, servants or employees, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

**COUNT II**

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein the allegations contained in Paragraphs One through Nine of Count I of this complaint as if each were set forth here in its entirety.

2. On or about 11/7/03, the defendant, United States of America, by its agents, servants or employees, contracted with the plaintiff to provide professional services related to the medical care of the plaintiff and obstetrical delivery of the plaintiff, and associated professional services.

3. The defendant, United States of America, by its agents, servants or employees, expressly and impliedly warranted to the plaintiff that it would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that it would possess and

2

exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty.

4.  On or about 11/7/03, the defendant, United States of America, by its agents, servants or employees, breached its express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing its specialty.

5.  As a direct and proximate result of the defendant, United States of America, by its agents, servants or employees breach of express and implied warranties, the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized and disabled for a long period of time, and will continue to be disabled for the remainder of his life; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, United States of America, by its agents, servants or employees, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

**COUNT III**

1.  The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Nine of Count I and Paragraphs One through Five of Count II of this complaint as if each were set forth here in its entirety.

2.  On or about 11/7/03, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff.

3.  On or about 11/7/03, the defendant, United States of America, by its agents, servants or employees, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff.

4.  On or about 11/7/03, the defendant, United States of America, by its agents, servants or employees, did not inform the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff.

5.  If the defendant, United States of America, by its agents, servants or employees, had informed the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, neither the plaintiff nor a reasonable person in his position would have elected the defendant's choice of treatment.

6.	The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff and a reasonable person in his position as to whether to undergo the defendant's choice of treatment.

7.	As a direct and proximate result of the defendant, United States of America, by its agents, servants or employee's, failure to inform the plaintiff of the alternatives to and risks and potential consequences of the defendant's treatment, the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities, and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, United States of America, by its agents, servants or employees, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## COUNT IV

1.	The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Nine Of Count I, Paragraphs One through Five of Count II and Paragraphs One through Seven of Count III of this complaint as if each were set forth here in its entirety.

2.	As a direct and proximate result of the defendant, United States of America, by its agents, servants or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Kenneth Brooks, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, United States of America, by its agents, servants or employees, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## COUNT V

1.	The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Nine of Count I, Paragraphs One through Five of Count II, and Paragraphs One through Seven of Count III of this complaint as if each were set forth here in its entirety.

2.	As a direct and proximate result of the defendant, United States of America, by its agents, servants or employees' negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Kenneth Brooks, has incurred and will continue to incur great expense for his medical, surgical and hospital care and treatment.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, United States of America, by its agents, servants or employees, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## COUNT VI

1.  The plaintiff, Kenneth Brooks, is a resident of South Boston, Suffolk County, Massachusetts.

2.  The defendant, Mary Jane Estrada, N.P., was at all times relevant to this complaint a nurse licensed to practice her profession in the Commonwealth of Massachusetts.

3.  At all times relevant to this complaint, the defendant, Mary Jane Estrada, N.P., represented and held herself out to be a nurse, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff that she was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's condition on or about 11/7/03.

4.  On or about 11/7/03, the plaintiff submitted himself to the care and treatment of the defendant, Mary Jane Estrada, N.P., who negligently, carelessly, and without regard for the plaintiff's health and well-being, treated the plaintiff in a manner resulting in the plaintiff's severe personal injuries.

5.  The injuries sustained by the plaintiff, Kenneth Brooks, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Mary Jane Estrada, N.P., including, but not limited to the following:

    a.  Defendant's misrepresentations to the plaintiff that she was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's medical condition on or about 11/7/03;

    b.  Defendant's failure to adequately and properly diagnose the plaintiff's medical condition on or about 11/7/03, and her failure to prescribe proper and timely treatment for said condition;

    c.  Defendant's failure to recognize, or have the knowledge to recognize her inability and lack of skill to diagnose and treat the plaintiff, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide the plaintiff with acceptable nursing services;

    d.  Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the nursing profession practicing her specialty; and

  e. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's condition and failure to inform and to warn about the treatment of said condition.

6. As a direct and proximate result of the negligence, carelessness, and unskillfulness of the defendant, Mary Jane Estrada, N.P., the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

  WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Mary Jane Estrada, N.P., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## **COUNT VII**

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Six of Count VI of this complaint as if each were set forth here in its entirety.

2. On or about 11/7/03, the defendant, Mary Jane Estrada, N.P., contracted with the plaintiff to provide professional services related to the plaintiff's nursing care and treatment.

3. The defendant, Mary Jane Estrada, N.P., expressly and impliedly warranted to the plaintiff that she would perform and render said professional services in accordance with accepted standards for the practice of nursing, and that she would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty.

4. On or about 11/7/03, the defendant, Mary Jane Estrada, N.P., breached her express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of nursing, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty.

5. As a direct and proximate result of the defendant, Mary Jane Estrada, N.P.'s breach of express and implied warranties, the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Mary Jane Estrada, N.P., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## COUNT VIII

1.  The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Six of Count VI and Paragraphs One through Five of Count VII of this complaint as if each were set forth here in its entirety.

2.  On or about 11/7/03, average qualified members of the nursing profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff.

3.  On or about 11/7/03, the defendant, Mary Jane Estrada, N.P., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff.

4.  On or about 11/7/03, the defendant, Mary Jane Estrada, N.P., did not inform the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff.

5.  If the defendant, Mary Jane Estrada, N.P., had informed the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, neither the plaintiff nor a reasonable person in his position would have elected the defendant's choice of treatment.

6.  The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff and a reasonable person in his position as to whether to undergo the defendant's choice of treatment.

7.  As a direct and proximate result of the defendant, Mary Jane Estrada, N.P.'s failure to inform the plaintiff of the alternatives to and risks and potential consequences of the defendant's treatment, the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Mary Jane Estrada, N.P., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## COUNT IX

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Six of Count VI, Paragraphs One through Five of Count VII and Paragraphs One through Seven of Count VIII of this complaint as if each were set forth here in its entirety.

2. As a direct and proximate result of the defendant, Mary Jane Estrada, N.P.'s negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Kenneth Brooks, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Mary Jane Estrada, N.P., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## COUNT X

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Six of Count VI, Paragraphs One through Five of Count VII and Paragraphs One through Seven of Count VIII of this complaint as if each were set forth here in its entirety.

2. As a direct and proximate result of the defendant, Mary Jane Estrada, N.P.'s negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Kenneth Brooks, has incurred and will continue to incur great expense for his medical, surgical and hospital care and treatment.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Mary Jane Estrada, N.P., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

PLAINTIFF CLAIMS TRIAL BY JURY.

Respectfully submitted,
The plaintiff,
By his attorney,

William J. Thompson, Esq.
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108
(617) 720-4447
BBO#: 559275

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05- 11674 GAO

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kenneth Brooks

**DEFENDANTS**
United States of America and Mary Jane Estrada
NP

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 617-720-4447
William J. Thompson, Esquire
100 City Hall Plaza, Boston, MA  02108

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1346
Brief description of cause:
Delay in diagnosis of Metastic Squamos cell carcinoma

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE 8/11/05
SIGNATURE OF ATTORNEY OF RECORD /s/ William Thompson

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 - 11674 GAO

1. Title of case (name of first party on each side only) __Kenneth Brooks v. United States District Court and Mary Jane Estrada, N.P.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __William J. Thompson, Esquire__
ADDRESS __100 City Hall Plaza, Boston, MA 02108__
TELEPHONE NO. __(617) 720-4447__

(CategoryForm.wpd - 5/2/05)