IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH BROOKS,            )<br>    Plaintiff,     )<br>          )<br>  v.            )<br>UNITED STATES OF AMERICA,   )<br>et al.,            )<br>          )<br>    Defendants.    )<br>          )<br>          )<br>          ) | CASE NO.:   05CV11674-GAO |

## ANSWER OF DEFENDANT UNITED STATES OF AMERICA

The defendant, United States of America ("Defendant"), responds to the Complaint of plaintiff Kenneth Brooks ("Plaintiff") as follows:

### COUNT I

1. Defendant lacks sufficient information to admit or deny plaintiff's place of residence.

2. Harbor Health Services, Inc. has been deemed eligible for protection under the Federal Tort Claims Act pursuant to 42 U.S.C. § 233. Harbor Health Services, Inc. operates Geiger Gibson Community Health Center.

3. This is a characterization of the action that requires no answer.

4. Admitted.

5. Defendant admits only that Plaintiff filed an administrative claim, which was received by the Agency on February 3, 2005, and that the amount of the alleged claim was for $20,000,000.

6. Denied.

7. Denied.

8. Denied.

1

9. Denied.

The United States opposes the prayer for relief against the Defendant.

## COUNT II

1. Same answer as stated in Defendant's response to Count I.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

The United States opposes the prayer for relief against the Defendant.

## COUNT III

1. Same answer as stated in Defendant's response to Counts I and II.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

The United States opposes the prayer for relief against the Defendant.

## COUNT IV

1. Same answer as stated in Defendant's response to Counts I, II and III.

2. Denied.

The United States opposes the prayer for relief against the Defendant.

## COUNT V

1. Same answer as stated in Defendant's response to Counts I, II, and III.

2. Denied.

The United States opposes the prayer for relief against the Defendant.

## COUNT VI

1. Defendant lacks sufficient information to admit or deny plaintiff's place of residence.

2. Admitted.

3. The United States admits that Estrada held herself out to be a nurse and lacks any knowledge that Estrada made any representations to plaintiff.

4. Denied.

5. Denied.

6. Denied.

The United States opposes the prayer for relief against the Defendant.

## COUNT VII

1. Same answer as stated in Defendant's response to Count VI.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

The United States opposes the prayer for relief against the Defendant.

## COUNT VIII

1. Same answer as stated in Defendant's response to Counts VI and VII.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

The United States opposes the prayer for relief against the Defendant.

## COUNT IX

1. Same answer as stated in Defendant's response to Counts VI, VII and VIII.

2. Denied.

The United States opposes the prayer for relief against the Defendant.

COUNT X

1. Same answer as stated in Defendant's response to Counts VI, VII, and VIII.

2. Denied.

The United States opposes the prayer for relief against the Defendant.

FIRST AFFIRMATIVE DEFENSE

The United States asserts that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

The United States asserts that Plaintiff is not entitled to a jury trial as to any claim against the United States. 28 U.S.C. § 2402.

THIRD AFFIRMATIVE DEFENSE

The United States asserts that attorney's fees are taken out of any judgment or settlement and are governed by statute. 28 U.S.C. § 2678.

FOURTH AFFIRMATIVE DEFENSE

The United States asserts that it is not liable for prejudgment interest. 28 U.S.C. § 2674.

FIFTH AFFIRMATIVE DEFENSE

The United States asserts that Plaintiff is limited to the amount of damages set out in the administrative claim. 28 U.S.C. § 2675(b).

SIXTH AFFIRMATIVE DEFENSE

The United States asserts that the injuries claimed by Plaintiffs were caused by others over whom this defendant has no control, and not by any negligent act or omission of the United

States.

## SEVENTH AFFIRMATIVE DEFENSE

The United States asserts that injuries and/or damages alleged in the Complaint were proximately caused by the act or omission of persons other than employees of the United States.

## EIGHTH AFFIRMATIVE DEFENSE

The United States asserts that any recovery is subject to the availability of appropriated funds.

                                      Respectfully submitted,

                                      By their attorney,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                                      /s/Gina Walcott-Torres
                        By:    Gina Walcott-Torres
                                      Assistant U.S. Attorney
                                      John Joseph Moakley U.S. Courthouse
                                      1 Courthouse Way, Suite 9200
                                      Boston, MA 02210
                                      (617) 748-3369

Dated: December 23, 2005